UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
ELENA STRUJAN,

       Plaintiff,

       -- against --

STUART I. DAVIS, FEDEX OFFICE, and
TD BANK,

       Defendants.
-------------------------------------------------------X

**MEMORANDUM AND ORDER**
14-CV-1972 (RRM) (SMG)

ROSLYNN R. MAUSKOPF, United States District Judge.

On December 10, 2013, plaintiff Elena Strujan ("Strujan"), proceeding *pro se*, commenced this action in New York Supreme Court, Kings County. On March 27, 2014, defendant FedEx Office ("FedEx") removed the action to this Court based on diversity jurisdiction. Viewed liberally, Strujan raises a slew of claims sounding in tort and contract against TD Bank and FedEx ("the corporate defendants"). (Compl. (Doc. No. 1) at 17 (ECF Pagination).) Strujan also alleges malpractice against her former attorney, defendant Stuart I. Davis ("Davis").[1]

Before the Court are the corporate defendants' fully-briefed, separately-filed motions to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), (Doc. Nos. 17, 25), as well as Strujan's outstanding joint motions for a certificate of default and default judgment against all three defendants. (Doc. No. 5.) For the reasons that follow, the corporate defendants' motions to dismiss are GRANTED and Strujan's default-related motions are DENIED.

---

[1] As addressed in the text *infra*, Davis has not appeared in this action and was ostensibly not properly served.

**BACKGROUND**

Strujan's complaint and supplemental materials are disjointed and extraordinarily hard to decipher. In essence, Strujan alleges that she previously sued Merck Sharp & Dohme Corp. ("Merck") for injuries suffered from taking the prescription medication Vioxx. She alleges that Strujan's former attorney, Davis, along with FedEx and TD Bank, conspired with Merck – not a party to this action – to do her harm through a series of wide-ranging actions dating between 2005 and 2012, including a conspiracy to kill her, the mysterious disappearance of items from several different safe deposit boxes she rented at different TD Bank locations, and efforts by FedEx employees to alter legal pleadings while those pleadings were being reproduced and bound for court filing.[2]

Construed liberally, and set forth in chronological order, Strujan first states that she hired Davis in 2005 to represent her in a bankruptcy. (Compl. (Doc No. 1) at 6.) Davis allegedly failed to disclose that Strujan's assets included certain causes of action. (*Id.* at 7.) The following year, in 2006, Strujan sued Merck relating to her past usage of Vioxx, but the court dismissed the lawsuit because of Davis's mistake in the prior bankruptcy. (*Id.* at 49.)

In 2007, Strujan rented a safe deposit box from a Manhattan TD Bank located at 1470 Second Avenue. (*Id.* at 31.) On or around October 8, 2007, Strujan discovered that legal documents had been stolen from that box, and her bicycle was also stolen while she was inside of the bank. (*Id.*)

On July 7, 2011, Strujan wrote a letter to Davis, in which she voiced her disappointment about his missteps during the bankruptcy. (*Id.* at 35.)

---

[2] As recounted at length in TD Bank's papers, Strujan has attempted – unsuccessfully – to raise the same or similar allegations against TD Bank, and other defendants, in multiple lawsuits. (Def. Mem. in Opp. (Doc. No. 25-9) at pp. 2-4.)

On September 26, 2011, Strujan visited a FedEx store in Manhattan at 641 Lexington Avenue to get copies made for a legal appeal that she was going to file. Strujan dropped off the materials and, when she returned, two of her exhibits were missing. According to Strujan, this was the second time that her property had gone missing at this store. (*Id.*)

In 2012, Strujan rented another safe deposit box from TD Bank, this time at its 1091 Third Avenue location. (*Id.* at 32; Pl.'s Affid. in Opp'n (Doc. No. 22) at 196.) On October 20, 2012, she discovered that legal documents relating to her lawsuit against Merck had disappeared from this new box. (Compl. at 32.) Strujan maintains that, in light of the repeated disappearance of her legal documents from TD Bank safe deposit boxes, TD Bank is complicit in Merck's conspiracy against her. (*Id.* at 11.)

On November 19, 2012, Strujan emailed Stuart and stated, once again, that she was disappointed with his handling of the bankruptcy. She also accused Stuart of fraudulently adding the IRS and Alegis Group as creditors in her bankruptcy submissions. (*Id.* at 26.)

Finally, on September 26, 2013, Strujan claims she visited the Manhattan FedEx Office store on 79th Street and Lexington Avenue "for binding [her] Petition for writ of *Certiorari* for the Supreme Court of the United States of America." Because the store was very busy, FedEx staff directed her to the 641 Lexington Avenue location. Strujan claims that the FedEx employee at the second location intentionally "mixed the pages, put the medical reports with the blank pages." Strujan insists that FedEx, like TD Bank, is therefore complicit in the conspiracy against her, because its employees have continually "messed up" her copying jobs. (*Id.* at 33.) The instant lawsuit followed.

## LEGAL STANDARDS

In order to withstand a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint need not contain "'detailed factual allegations,'" but "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). At this stage, when considering a motion to dismiss, the Court takes all factual allegations in the complaint as true and draws all reasonable inferences in favor of the non-movant. *See Harris v. Mills*, 572 F.3d 66, 71–72 (2d Cir. 2009).

Although a *pro se* plaintiff must satisfy the pleading requirements, the Court is "obligated to construe a *pro se* complaint liberally." *Harris*, 572 F.3d at 71–72 (citations omitted). In other words, the Court holds *pro se* pleadings to a less exacting standard than pleadings drafted by attorneys, *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Boykin v. KeyCorp*, 521 F.3d 202, 213–14 (2d Cir. 2008) (citation omitted), and reads them to "raise the strongest arguments that they suggest." *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001) (citations omitted). However, the Court "need not argue a *pro se* litigant's case nor create a case for the *pro se* which does not exist." *Molina v. New York*, 956 F. Supp. 257, 259 (E.D.N.Y. 1995). When a *pro se* plaintiff has altogether failed to satisfy a pleading requirement, the Court must dismiss the claim. *See Rodriguez v. Weprin*, 116 F.3d 62, 65 (2d Cir. 1997) (citation omitted)**.**

## DISCUSSION

### I. The Corporate Defendants

Pursuant to Rule 12(b)(6), defendants FedEx and TD Bank move to dismiss the complaint against them on the ground that Strujan has not stated a viable claim for relief on any of the numerous legal theories that she advances. The Court agrees for several reasons.

First, there is simply no rational view of Strujan's allegations that plausibly suggest the requisite elements for her common law claims of negligence, gross negligence, breach of contract, defamation, false advertising, intentional infliction of emotional distress, harassment, or discrimination *per se*. A finding of frivolousness "is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992); *Mendlow v. To be Named After Discovery Unknown Gov't Agencies*, 152 F.3d 919 (2d Cir. 1998). "[A] court may dismiss a claim as factually frivolous only if the facts alleged are 'clearly baseless,'" *Denton*, 504 U.S. at 32 (quoting *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989)), a high bar satisfied only by claims that "are 'fanciful,' 'fantastic,' or 'delusional.'" *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Denton*, 504 U.S. at 32—33). Strujan's claims as pled are barred under this standard.

In addition, Strujan invokes "contributory negligence," but that term refers to an affirmative defense without any reasonable application to the facts at hand. Moreover, Strujan's "civil conspiracy" claim does not allege any underlying crime or tort, and, in any event, she does not plausibly allege that FedEx, TD Bank, and Davis ever communicated with one another or with Strujan prior to her filing this lawsuit. Insofar as Strujan vaguely alleges causes of action for "intentional tort" and "intentional harm," those are not valid common law claims.

Strujan's final cause of action refers to unlawful trade practices under the "Consumer Production Procedure Act." As FedEx rightfully points out, this does not appear to be an actual statute under state or federal law. While it is "possible [p]laintiff may be referring to the District of Columbia's general consumer protection law, which prohibits a wide variety of deceptive and unconscionable business practices, known as the 'Consumer Protection Procedures Act' or 'CPPA' (DC Code §§28-3901 to 28-3913)," (FedEx Mot. to Dism. (Doc. No. 18) at 11), Strujan could not properly seek relief under District of Columbia law. Therefore, each cause of action that Strujan brings against the corporate defendants is hereby dismissed for failure to state a claim upon which relief can be granted.[3]

**II.    Davis**

Turning to Davis, all of Strujan's claims except for legal malpractice are hereby dismissed *sua sponte* for the same reasons that the Court already set forth in dismissing those claims against the corporate defendants. Liberally construed, Strujan's might conceivably state a claim for malpractice against Davis. However, those claims appear to be time barred.

Under N.Y. C.P.L.R. § 214(6), "an action to recover damages for malpractice, other than medical, dental or podiatric malpractice, regardless of whether the underlying theory is based in contract or tort," must be commenced within three years. Strujan's complaint alleges that Davis engaged in the conduct underpinning the malpractice in 2005, but she did not file this complaint until December 2013. Strujan's complaint therefore appears to be time-barred.

Equally important, it appears that Strujan has failed to properly serve Davis. Strujan claims to have served Davis on March 7, 2014 at "1960 Williamsbridge Road, New York, N.Y.

---

[3] Strujan's request for a certificate of default and motion for default judgment against the corporate defendants, (Doc. No. 5), are likewise denied. Although FedEx and TD Bank did not file answers, nor did they default. Rather, each corporate defendant made a pre-answer motion to dismiss Strujan's complaint under Rule 12(b)(6).

6

10461-1607." (Pl.'s Affid. in Opp'n (Doc. No. 22) at 10.)  However, the affidavit of service by Strujan's process server reflects that the complaint and summons were hand-delivered to "196 William Bridge Road N.Y. 10461-1607," (Doc. No. 1 at 42) – which, unlike 1960 Williamsbridge Road, is not a valid address in New York City.  The affidavit further states that copies of the materials were mailed to Davis at his last known mailing address, (id. at 43), yet it is unclear to which address those materials were sent, i.e., to "196 William Bridge Road" or "1960 Williamsbridge Road."

Moreover, in his notice of removal in the instant action, counsel for FedEx explained that he had personally spoken with Davis, who indicated he had moved to Arizona in September 2013, before Strujan filed the instant lawsuit.[4]  Davis also said that he was never served and apparently knew nothing of the lawsuit.  (Doc. No. 1 at 2.)  Based on documents that Strujan appended to her opposition papers, she apparently discovered the "1960" address on findlaw.com in March 2014, which suggests that Strujan was in all likelihood utilizing an inaccurate variation of an already obsolete business address..  (See Pl.'s Affid. in Opp'n at 99.)

Because it does not appear that Strujan properly served Davis, Strujan's request for a certificate of default and motion for default judgment as to Davis are denied.

---

[4] In removing this action to the Eastern District of New York, FedEx averred that there was complete diversity among the parties even though Strujan is a New York resident and Davis is seemingly a practicing New York attorney and resident because it learned that Davis is now a citizen of Arizona.

### III. Leave to Amend and Order to Show Cause

Rule 15(a) contemplates that courts will "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). When a cause of action is dismissed due to deficient pleadings, leave to amend should generally be granted – particularly for *pro se* plaintiffs. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Petrone v. Hampton Bays Union Free Sch. Dist.*, No. 09-CV-4303, 2011 WL 346682, at *2 (E.D.N.Y. Jan. 28, 2011) ("The standard governing leave to amend, flexible to begin with, is further liberalized for *pro se* plaintiffs.").

Although Strujan's allegations fall short of articulating a plausible basis for relief, out of an abundance of caution, will grant leave to amend. Should she avail herself of this leave, Strujan's shall file a Proposed Amneded Complaint, clearly marked as such, containing the same docket number already assigned to this action and shall plead sufficient facts to support any and all *timely* claims. As to claims against Davis, Strujan shall also Show Cause In Writing why service has been properly made on Davis, or in the alternative, why she should be permitted to re-serve in light of the fact that her claims against Davis appear to be time barred. *See Kropelnicki v. Siegel*, 290 F.3d 118, 130 n.7 (2d Cir. 2002) (noting the general rule that a district court should refrain from *sua sponte* raising a statute-of-limitations defense).

Failure to comply with these orders will result in dismissal of this action.

### CONCLUSION

The motions of defendants FedEx and TD Bank to dismiss Strujan's complaint for failure to state a claim under Rule 12(b)(6), (Doc. Nos. 17, 25), are granted. Strujan is granted leave to file an amended complaint within thirty (30) days from the date of this Memorandum and Order . Should she avail herself of this leave, Strujan's shall file a Proposed Amneded Complaint,

clearly marked as such, containing the same docket number already assigned to this action and shall plead sufficient facts to support any and all *timely* claims. As to claims against Davis, Strujan shall also Show Cause In Writing why service has been properly made on Davis, or in the alternative, why she should be permitted to re-serve in light of the fact that her claims against Davis appear to be time barred. Failure to comply with these orders will result in dismissal of this action.

Strujan's motions for a certificate of default and default judgment against FedEx, TD Bank, and Davis, (Doc. No. 5), are denied.

The Clerk of Court is directed to mail a copy of this Memorandum and Order to *pro se* plaintiff Strujan and to note the mailing on the docket.

SO ORDERED.

Dated: Brooklyn, New York
      March 27, 2015

*Roslynn R. Mauskopf*

ROSLYNN R. MAUSKOPF
United States District Judge