UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
ELENA STRUJAN,

       Plaintiff,

      - against -

STUART I. DAVIS; FEDEX OFFICE;
and TD BANK,

       Defendants.
------------------------------------------------------X

**MEMORANDUM AND ORDER**
14-CV-1972 (RRM) (SMG)

ROSLYNN R. MAUSKOPF, United States District Judge.

    *Pro se* plaintiff Elena Strujan ("Strujan") commenced this action in New York Supreme Court, Kings County on December 10, 2013. Defendant FedEx Office ("FedEx") removed the action to this Court based on diversity jurisdiction. Viewed liberally, Strujan's complaint raises numerous claims sounding in tort and contract[1] against TD Bank and FedEx ("the corporate defendants"), as well as against her former attorney, Stuart I. Davis. (Compl. at 17.)[2] Strujan also asserts a legal malpractice claim against Davis.

    By Order dated March 27, 2015, the Court dismissed all claims in Strujan's original complaint with the exception of the legal malpractice claim against Davis. (Order of Dismissal (Doc. No. 41) at 8.) With respect to the remaining malpractice claim, the Court ordered Strujan

---

[1] Strujan lists her causes of action in her original complaint as "negligence," "gross negligence," "contributory negligence," "breach of contract," "defamation," "civil conspiracy," "intentional tort," "harassment," "false advertising," "discrimination," "intentional harm," "intentional emotional distress," and "unlawful trade practice under consumer production procedure act." (Compl. (Doc. No. 1) at 12–17.) She adds "fraud," "forgery," "tortuous [sic] interference," "abuse of process," "accounting," "violation of privacy," "assumption of duty," "breach of fiduciary duty," "conspiracy," "irreparable harm," "economic loss," and "spoliation" to her Amended Complaint. (Am. Compl. (Doc. No. 49) at 2–3.)

[2] For ease of reference, citations to Court documents utilize ECF pagination.

to show cause in writing why service had been properly made, or why she should be permitted to re-serve given that her claims against Davis appeared to be time barred. (*Id.* at 9.) Strujan was granted thirty (30) days' leave to amend.

Following the Court's March 27, 2015 order, Strujan filed a flurry of separate documents. (*See e.g.* Doc. Nos. 43–53, 57–59) These included a document titled "amended claim," which appears to be her Amended Complaint, and a document title "Response to Memorandum and Order #41," which appears to constitute her response to the Court's Order to Show Cause. (*See* Am. Compl. (Doc. No. 49); Response to Order (Doc. No. 48).) These documents fail to raise plausible claims, and for the reasons set forth below, Strujan's remaining claims are dismissed.

## DISCUSSION

### I. Amended Complaint

In order to withstand a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010). Although the complaint need not contain "detailed factual allegations," simple "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). At this stage, the Court assumes the truth of the facts alleged in the complaint, and draws all reasonable inferences in Strujan's favor. *See Harris*, 572 F.3d at 71.

Although a *pro se* plaintiff must satisfy the pleading requirements, the Court is "obligated to construe a *pro se* complaint liberally." *Harris*, 572 F.3d at 72 (citations omitted). In other words, the Court holds *pro se* pleadings to a less exacting standard than pleadings drafted by

attorneys, *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (citation omitted), and reads them to "raise the strongest arguments that they suggest." *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001) (citations omitted). Nonetheless, the Court "need not argue a *pro se* litigant's case nor create a case for the *pro se* which does not exist." *Molina v. New York*, 956 F. Supp. 257, 260 (E.D.N.Y. 1995). Where a *pro se* plaintiff has altogether failed to satisfy a pleading requirement, the Court must dismiss the claim. *See Rodriguez v. Weprin*, 116 F.3d 62, 65 (2d Cir. 1997) (citation omitted).

Strujan's original complaint and supplemental materials are disjointed and extraordinarily hard to decipher. In essence, Strujan alleged that she previously sued Merck Sharp & Dohme Corp. ("Merck") for injuries she claimed to have suffered from taking the prescription medication Vioxx. She alleged that her former attorney, Davis, along with FedEx and TD Bank, conspired with Merck – not a party to this action – to do her harm through a series of wide-ranging actions between 2005 and 2012. These alleged actions included a conspiracy to kill her, the mysterious disappearance of items from several TD Bank safe deposit boxes, and efforts by FedEx employees to alter legal pleadings while those pleadings were being reproduced and bound for court filing.[3]

Strujan's Amended Complaint does not plausibly plead any claims related to those set forth in her original complaint.[4] Instead, Strujan provides a list of causes of action with exhibits

---

[3] The Court presumes familiarity with the more detailed facts as set forth in the Court's initial Order of Dismissal.

[4] Strujan also submits several documents with her Amended Complaint that do not provide additional facts to support any claim. (*See, e.g.*, Notice with cases law in Common Law Jurisdictions (Doc. No. 43) (listing various quotations from case law relating to sovereignty); Notice of Jurisdiction (Doc. No. 44) (listing former presidents of the United States, together with quotations about jury trials, and miscellaneous other statements, citing sections of various sources, including Black's Law Dictionary); Notice of Trespass (Doc. No. 45) (demanding one dollar compensation for every second of "trespass upon [her] case"); Notice of Verification (Doc. No. 46) (declaring that all documents submitted to the Court without verification will be considered contempt of court and will be void).)

that she asserts constitute evidence against each "wrongdoer." (Am. Compl. at 2–3.) The attached evidence is largely duplicative of documents attached either to Strujan's original complaint or to her affidavit in opposition to defendants' motions to dismiss.[5] The attached evidence includes pages from FedEx's reply memorandum in support of its motion to dismiss with what appears to be Strujan's handwritten commentary, and various other letters previously filed by Strujan with the Court. (*See, e.g.*, Am. Compl. at 26–28, 31–33, 35–41.) The exhibits that are not duplicative of Strujan's earlier filings do not provide additional factual allegations to support any plausible claim.[6] Strujan also attaches certain documents created after this lawsuit was filed.[7] It is unclear how these exhibits are intended to support any of the claims Strujan

---

[5] The additional causes of action asserted in Strujan's Amended Complaint do not save her claim. First, to demonstrate fraud, a plaintiff must allege a material misrepresentation of facts, knowledge of its falsity, intent to induce reliance, justifiable reliance, and damages. *Carbon Capital Mgmt., LLC v. Am. Express Co.*, 88 A.D.3d 933, 937 (2d Dep't 2011). Strujan has not alleged that defendants made a knowingly false, material misrepresentation of fact on which Strujan relied. Second, there is no civil cause of action for forgery or spoliation under New York law. *Nirvana Int'l., Inc. v. ADT Sec. Servs., Inc.*, 881 F. Supp. 2d 556, 563 (S.D.N.Y. 2012) (citing *Luckett v. Bure*, 290 F.3d 493, 497 (2d Cir. 2002)) (forgery); *Ortega v. City of New York*, 9 N.Y.3d 69, 83 (2007) (spoliation). Third, tortious interference claims address interference with business relations or contracts, which Strujan has not alleged. *See, e.g.*, *Scutti Enterprises, LLC v. Park Place Entm't Corp.*, 322 F.3d 211, 214–16 (2d Cir. 2003). Fourth, abuse of process requires (i) that defendants use regularly issued civil or criminal process; (ii) with intent to do harm without excuse or justification; and (iii) use of the process in a perverted manner to obtain a collateral objective. *O'Brien v. Alexander*, 898 F. Supp. 162, 167 (S.D.N.Y. 1995). Strujan has not alleged facts sufficient to state this claim. Fifth, Strujan alleges a violation of privacy. "New York does not recognize a common-law right of privacy," *Messenger v. Gruner & Jahr Printing & Pub.*, 94 N.Y.2d 436, 441 (2000), and "only recognizes a limited statutory right of privacy" where a "defendant used a plaintiff's name, portrait, or picture for advertising or trade purposes," *Margan v. Niles*, 250 F. Supp. 2d 63, 77 (N.D.N.Y. 2003). There is no such allegation here. Sixth, a claim for a violation of an assumed duty requires negligence, *see Kloner v. United States*, No. 13-CV-3171 (MKB), 2016 WL 3962975, at *7–12 (E.D.N.Y. Jul. 21, 2016), and the Court previously rejected Strujan's claim for negligence. (*See* Order of Dismissal at 5.) Seventh, Strujan's breach of fiduciary duty claim against the corporate defendants fails as frivolous because "there is simply no rational view of Strujan's allegations that plausibly suggests the requisite elements." (Order of Dismissal at 5.) Finally, irreparable harm and economic loss are not causes of action, and it is not clear of what Strujan seeks an accounting.

[6] For example, Strujan attaches an affidavit dated June 25, 2013, in which she declares that she brought a complaint to a FedEx store for binding and certain pages went missing during the process. (Am. Compl. at 19.) She also attaches what appear to be automated email responses from FedEx, dated August 8, 2013 and October 26, 2013, stating that a team member would contact her regarding her inquiry or order. (Id. at 23–24.) Strujan writes in by hand that she did not receive an answer to her complaints. (*Id.*)

[7] These documents include a letter dated May 27, 2014, to Strujan's roommate, Juliana Szablyar, informing Ms. Szablyar of a noise complaint against her, (Am. Compl. at 34.), and an email from Strujan to FedEx counsel Jennifer Marrinan, dated June 9, 2014, asking why Strujan had not received FedEx's reply pursuant to a Court Order. (*Id.* at

4

asserts against defendants. Accordingly, they do not remedy the shortcomings of Strujan's original complaint.

As discussed in the original Order of Dismissal, a finding of frivolousness "is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *Mendlow v. To be Named After Discovery Unknown Gov't Agencies*, 152 F.3d 919 (2d Cir. 1998). "[A] court may dismiss a claim as factually frivolous only if the facts alleged are 'clearly baseless,'" *Denton*, 504 U.S. at 32 (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)), a high bar satisfied only by claims that "are 'fanciful,' 'fantastic,' or 'delusional,'" *Gallop*, 642 F.3d at 368 (quoting *Denton*, 504 U.S. at 32–33). Strujan's claims as pled are barred under this standard. For the reasons set forth in the original Order of Dismissal, and because, as set forth above, Strujan has failed to provide any additional facts remedying the deficiencies in the original complaint, Strujan has failed to state any plausible claims in her Amended Complaint.

**II.  Malpractice Claim against Davis**

In its original Order of Dismissal, the Court found that, liberally construed, Strujan's complaint might conceivably state a claim for malpractice against Davis. However, the Court raised concerns about whether Strujan had properly served Davis and noted potential issues relating to the statute of limitations. Specifically, Strujan claimed to have served Davis on March 7, 2014 at "1960 Williamsbridge Road, New York, N.Y. 10461-1607." (Pl.'s Aff. in Opp'n (Doc. No. 22) at 10.) However, the original affidavit of service signed by Strujan's process server, which was notarized on March 8, 2014, reflects that the complaint and summons

---

30.) On the letter, Strujan handwrote that the document was falsified by FedEx, citing to Exhibit 29, which is a black page. (*Id.*)

were hand-delivered to "196 William Bridge Road N.Y. 10461-1607." (Doc. No. 1 at 42–43)
That address, unlike 1960 Williamsbridge Road, is not a valid address in New York City. On
March 27, 2015, the Court ordered Strujan to "Show Cause in Writing why service has been
properly made on Davis, or, in the alternative, why she should be permitted to re-serve in light of
the fact that her claims against Davis appear to be time barred." (3/27/2015 Order.) The Court
warned Strujan: "Failure to comply with these orders will result in dismissal of this action." (*Id.*)

In response, Strujan unleashed a deluge of disjointed documents to corroborate proper
service. (*See generally* Doc. Nos. 43–53, 57–59) The Court has reviewed those documents and
finds that Strujan has again failed to demonstrate proper service of process. In an attempt to
show proper service, Strujan submitted a revised affidavit of service signed by Juliana Szablyar.
(Response to Mem. (Doc. No. 48) at 13.) The affidavit of service indicates that Szablyar
personally served the summons and complaint on Davis at "1960 William Bridge Road, New
York 10461-1607," and that she mailed the same to his last known address.[8] (*Id.*) Strujan also
submitted an affidavit of service purporting to have effectuated service by mail at "1960
Williamsburg Road." (*See* "Summons" (Doc. No. 49).) Despite her several attempts, Strujan
has not produced any new documentation of service at "1960 Williamsbridge Road," Davis's last
known address.[9] (Pl.'s Aff. in Opp'n at 10.)

---

[8] The affidavit includes a checkmark next to a paragraph indicating that the documents were mailed to Davis's last known address. It does not set forth the address itself. (Response to Order at 14.)

[9] Strujan states in her papers that she went with her server to 1960 Williamsbridge Road to serve Davis and, rather than stating that her server found Davis, she states that her server "found a white man." (Response to Mem. at 3.) Strujan also submitted an email she sent to Davis dated March 7, 2014 informing him that he had been served "by mail and personal at last your official address" and asked that he inform her if he would like to receive the documents at another address. (*Id.* at 20.) Strujan's assertion that she served a "white man" at the correct address, and her subsequent email to Davis, hardly assuage the Court's misgivings with respect to Strujan's repeated failures to effectuate proper service on Davis.

To date, in contravention of the Court's order, Strujan has offered no evidence whatsoever to support proper service of Davis. (*See* 3/27/2015 Order.) As a consequence, Strujan has improperly suspended the specter of this litigation over Davis for nearly three years. On March 27, 2015, the Court warned Strujan that failure to "Show Cause in Writing why service has been properly made on Davis . . . will result in dismissal of this action." (*Id.*) Accordingly, Strujan's malpractice claim against Davis is hereby dismissed.[10] (*Id.*)

## CONCLUSION

For the forgoing reasons, Strujan's remaining claims are dismissed. Strujan's motion for a certificate of default and default judgment against FedEx, TD Bank, and Davis (Default Mot. (Doc. No. 57)), is denied. The Clerk of Court is directed to enter judgment and close the case.

Although Strujan paid the filing fee to initiate the action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

---

[10] Alternatively, "Federal Rule of Civil Procedure 4(m) governs both (1) the [*sua sponte*] dismissal of actions for untimely service of process and (2) extensions of the time in which service may be effected." *Zapata v. City of New York*, 502 F.3d 192, 195 (2d Cir. 2007), *cert. denied*, 552 U.S. 1243, 128 S. Ct. 1483, 170 L. Ed. 2d 298 (2008). Courts generally should grant extensions to allow proper service for "good cause." *Id.* at 197. Importantly, "plaintiff's *pro se* status is no excuse for failure to serve the defendant properly and does not automatically amount to good cause for failure to serve within the time allotted by Rule 4(m) . . . ." *Harper v. NYC Admin. for Children's Servs.*, No. 09-CV-2468, 2010 U.S. Dist. LEXIS 469 at *2 (S.D.N.Y. Jan. 5, 2010); *accord Jordan v. Forfeiture Support Assocs.*, 928 F. Supp. 2d 588, 597–598 (E.D.N.Y. 2013). In assessing a plaintiff's "good cause," the Court must consider the plaintiff's diligence, and any prejudice to the defendant. *See Micciche v. Kemper Nat'l Servs.*, 560 F. Supp. 2d 204, 209 (E.D.N.Y. 2008). Here, to the extent that Strujan's scattershot service constitutes "diligence," it does not rise to the level of "exceptional circumstances" required for a finding of good cause. *See, e.g.*, *Beauvoir v. U.S. Secret Serv.*, 234 F.R.D. 55, 56 (E.D.N.Y. 2006). And any diligence on Stujan's part is far outweighed by the prejudice of keeping Davis in suspense for nearly three years. While the Court may, in its discretion, grant an extension of time for service absent good cause, *see Carroll v. Certified Moving & Storage, Co.*, No. 04-CV-4446, 2005 U.S. Dist. LEXIS 48216 at *2 (E.D.N.Y. July 19, 2005), here the overwhelming prejudice to Davis militates against such an extension.

7

The Clerk of Court is directed to mail a copy of this Memorandum and Order to *pro se* plaintiff Strujan and note the mailing on the docket.

SO ORDERED.

Dated: Brooklyn, New York
March 29, 2019

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge